**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000511**
**16-MAY-2013**
**08:28 AM**

NO. CAAP-12-0000511

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff-Appellee,
v. RANDY CORPUZ; NATIVIDAD CORPUZ; RAFAELITO CORPUZ;
IMELINDA TORRANO SCHAFER; TOBY EDWARDS SCHAFER;
JOHN DOES 1-50; AND JANE DOES 1-50, Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CR./CIVIL/S.P.P. NO. 1RC11-1-9122)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendants-Appellants Randy Corpuz, Natividad Corpuz, Rafaelito Corpuz, Imelinda Torrano Schafer, and Toby Edwards Schafer (**Appellants**) timely appeal from the Order Denying Defendant's [sic] Motion for Rule 60(b) Relief from Judgment for Possession and Writ of Possession filed March 8, 2012 (**Order Denying Relief**), which was entered on April 24, 2012, by the District Court of the First Circuit, Ewa Division (**District Court**).[1]

---

[1] The Honorable Gerald H. Kibe presided.

On appeal, Appellants raise two points of error,[2] contending that the District Court erred when: (1) it entered its February 13, 2012 Order Granting Plaintiff's Motion for Summary Judgment and Writ of Possession filed November 14, 2011, February 23, 2012 Judgment for Possession, and February 23, 2012 Writ of Possession; and (2) it entered the Order Denying Relief.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we address Appellants' points of error as follows:

"[A]ppellate courts are under an obligation to insure that they have jurisdiction to hear and determine each case." State v. Moniz, 69 Haw. 370, 372, 742 P.2d 373, 375 (1987). We therefore, *sua sponte*, raise the issue of appellate jurisdiction in this case. The District Court's February 23, 2012 Judgment for Possession and Writ of Possession were immediately appealable under the Forgay doctrine. See, e.g., Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995). However, Appellants did not file an appeal from the February 23, 2012 Judgment for Possession and Writ of Possession within thirty days, as required by Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 4(a). Nor did they file a post-judgment motion within ten days, as it would have extended the time period for filing an appeal. See Lambert v. Lua, 92 Hawai'i 228, 234, 990 P.2d 126, 132 (App. 1999). Therefore, Appellants are not entitled to appellate review of the Judgment for Possession and Writ of Possession, or the District Court's pre-judgment orders, including the February 13, 2012

---

[2] Appellants identified three points of error. However, based on the arguments set forth in Appellants' briefs, the second and third point of error both appear to seek appellate relief from the Order Denying Relief on closely related, if not identical, grounds.

order granting summary judgment. See Cook v. Surety Life Ins. Co., 79 Hawai'i 403, 409, 903 P.2d 708, 714 (App. 1995) (addressing preliminary rulings).

However, "[a]n order denying a motion for post-judgment relief under HRCP 60(b) is an appealable final order under HRS § 641-1(a)." Ditto v. McCurdy, 103 Hawai'i 153, 160, 80 P.3d 974, 981 (2003) (citation omitted). Accordingly, we have jurisdiction over Appellants' appeal as to the Order Denying Relief.

Although failing to provide any citations to the record, Appellants argue that their District Court Rules of Civil Procedure (**DCRCP**) Rule 60(b) motion should have been granted, apparently because, in Appellants' view, the District Court's commitment of the matter to circuit court for a jury trial did not clearly specify that only Appellants' counterclaims and third-party complaint were transferred and the Appellants had intended to put title at issue in response to the Plaintiff's claim for possession. At the hearing on the DCRCP Rule 60(b) motion, however, the District Court stated that it was denying Appellants' motion because the jury demand had only been approved as to non-possession issues "as is typically the case" and good cause had not been shown to grant Appellants' motion.

Moreover, the record demonstrates that Appellants failed to raise a valid title dispute as a defense to possession in this case. Under DCRCP Rule 12.1, defendants may raise a title dispute as a defense. DCRCP Rule 12.1 sets out requirements to prevent abuse of this defense. Deutsche Bank Nat'l Trust Co. v. Peelua, 126 Hawai'i 32, 36, 265 P.3d 1128, 1132 (2011). Rule 12.1 requires a defendant to provide an affidavit stating the "source, nature and extent of the title claimed by defendant" and "further particulars as shall fully apprise the court of the nature of defendant's claim." DCRCP

3

Rule 12.1. (2012). The purpose of the affidavit is to provide the court with information to discern the interest claimed by the defendant. Peelua, 126 Hawai'i at 37, 265 P.3d at 1133. Bare assertions are insufficient to sustain a claim that title is at issue so as to divest the District Court of jurisdiction. Id. at 38, 265 P.3d at 1134. Here, Appellants failed to submit, at any time, a declaration providing the particulars about the source, nature or extent of their claim to title. Accordingly, the District Court did not err in entering the Order Denying Relief.

For these reasons, the District Court's April 24, 2012 Order Denying Relief is affirmed.

DATED: Honolulu, Hawai'i, May 16, 2013.

On the briefs:

Robin R. Horner
Nona M.L. Lawrence
(RRH & Associates)
for Defendants-Appellants

Charles R. Prather
Sofia Hirosane McGuire
Blue Kaanehe
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

4